Matter of Nautica Skyy W. (Amber NY-Cole W.) (2021 NY Slip Op 05841)





Matter of Nautica Skyy W. (Amber NY-Cole W.)


2021 NY Slip Op 05841


Decided on October 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 26, 2021

Before: Kern, J.P., Oing, Singh, Mendez, Higgitt, JJ. 


Docket No. B-10401/18 Appeal No. 14466 Case No. 2021-00255 

[*1]In the Matter of Nautica Skyy W., a Child Under Eighteen Years of Age, etc., Jewish Child Care Association of New York, Petitioner-Respondent, Amber NY-Cole W., Respondent-Appellant, Niles Peter O., Respondent.


Law Office of Thomas R. Villeco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.
Geoffrey P. Berman, Larchmont, for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Polixene Petrakopoulos of counsel), attorney for the child.



Order, Family Court, Bronx County (Keith Brown, J.), entered on or about February 10, 2020, which, upon a fact-finding that respondent mother permanently neglected the subject child, terminated her parental rights and transferred custody and guardianship of the child to petitioner agency and the Commissioner of Social Services of the City of New York for the purpose of adoption, unanimously affirmed, without costs.
The court providently exercised its discretion in denying the mother's request for an adjournment of the fact-finding hearing in that she provided no legal excuse for her failure to appear either in person or by telephone, and it was not in the best interests of the child to protract the proceedings (see Matter of Steven B., 6 NY3d 888, 889 [2006]).
The court properly concluded that the agency demonstrated that it was in the best interests of the child to terminate the mother's parental rights to free the child for adoption by the foster parents, who cared for her since she was five months old. The child had considerable special needs, including partial blindness, global developmental delays, and the inability to speak, walk or feed herself. The record reflected that these conditions resulted from shaken baby syndrome, abuse and failure to thrive due to receiving inadequate nutrition, all while she was an infant in the mother's care. The court did not credit the mother's testimony regarding her ability to care for the child and properly concluded that she showed a lack of insight and poor judgment in her plans for the child's future.
In contrast, the child was in the same foster home since placement approximately four years ago. The foster parents received special training and exerted great effort in caring for her special needs. They made her a part of their family and wanted to adopt her. The fact that the child has been in an appropriate foster home for a considerable time, where her needs are being met, is a significant consideration (see Matter of Malcolm M. L. [Ruby C.], 177 AD3d 442, 443 [1st Dept 2019], lv denied 35 NY3d 903 [2020]).
The court also correctly concluded that a suspended judgment was not warranted here because there was no evidence that there would be a change in the mother's
circumstances after a short delay and the child was entitled to permanency in her life (see Matter of Fernando Alexander B. [Simone Anita W.], 85 AD3d 658, 659 [1st Dept 2011]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2021